The bill alleges that the complainant was the owner of sixty shares of the capital stock of the Mercantile Trust Company of Jersey City and was also a director of the corporation and that the defendant was president, director and chairman of the executive committee of the board of directors of said company; that the defendant, as such president and chairman, prior to the date mentioned in the bill of complaint, had been negotiating for the sale and merger of said company with another bank and with the knowledge of "the practical certainty of a sale and merger being consummated on the basis of a value of at least $2,500 for each share of stock of said Mercantile Trust Company, and without informing complainant of any such facts, as it was his duty to do, offered to buy from complainant his said stock at $1,400 per share" and that complainant, without any knowledge of the said facts and "relying upon the relationship of trust that existed between said Joseph Shannon and himself with regard to the affairs of said Mercantile Trust Company," sold fifty shares of his said stock to the defendant at $1,400 per share; that later, said proposed merger was effected on a basis which gave to each stockholder of Mercantile Trust Company, for each share of stock held by him, $1,397.73 in cash and eight shares of stock of Commercial Trust Company of New Jersey of the market value of $220 per share; and that upon learning of the proposed sale and merger complainant repudiated his sale of stock to the defendant and offered to return to him the purchase price, which offer the defendant refused. The bill further alleges that the defendant on said merger received for the fifty shares of stock purchased from the complainant the sum of $69,286.50 cash and four hundred shares of Commercial Trust Company of New Jersey; also *Page 157 
that four hundred shares of stock of Commercial Trust Company are not readily obtainable in the open market. The complainant renews his offer to pay the defendant the amount of the purchase price of said fifty shares of stock and demands that the defendant turn over to him what he received in exchange for said stock on said merger. The bill prays an accounting and a decree directing the defendant to transfer and deliver to the complainant the proceeds of complainant's stock on said merger.
This motion is based upon the ground that the bill of complaint discloses no cause of action.
My decision on this motion is controlled by the decision of the court of errors and appeals in Crowell v. Jackson,53 N.J. Law 656. It was there held:
"A director, or the treasurer, of a corporation, is not, because of his office, in duty bound to disclose to an individual stockholder, before purchasing his stock, that which he may know as to the real condition of the corporation affecting the value of that stock. He is, to some extent, trustee for the stockholders, as a body, in respect to the property and business of the corporation, but does not sustain that relation to individual stockholders with respect to their several holdings of stock over which he has no control."
There seem to be two distinct lines of authorities on the point involved on this motion, that is, whether or not an officer and director of a corporation occupies such a fiduciary relation toward individual stockholders as to make it the duty of such officer and director to disclose to an individual stockholder, before purchasing his stock, that which he may know as to the real conditions of the corporation affecting the value of that stock. The majority view, apparently, is that adopted by the court of errors and appeals in Crowell v. Jackson, supra, which holds that he does not occupy such fiduciary relation. The minority view is that expressed in Oliver v. Oliver,118 Ga. 362; 45 S.E. Rep. 232, cited by counsel for the complainant, and which holds that such fiduciary relation does exist. For a discussion of the conflicting rules, see *Page 158 L.R.A. 1916 B. p. 706, note; 4 Fletcher's Cyc. Corp. § 2564
and 14A Corp. Jur. 128 ¶ 1896.
Since our court of last resort has adopted the majority rule, my own view as to which of the rules is the more consonant with equity and justice is immaterial. I will, therefore, advise an order striking out the bill of complaint. *Page 159